UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

**SEXTANT STRATEGIC GLOBAL**
**WATER FUND OFFSHORE LTD**
**(IN OFFICIAL LIQUIDATION)**

Chapter 15

Case No. _____

Debtors in a Foreign Proceeding.

_____/

### VERIFIED PETITION FOR RECOGNITION OF FOREIGN MAIN
### PROCEEDING PURSUANT TO §§ 1515 AND 1517

Mr. Kenneth M. Krys and Mr. Timothy J. Le Cornu of Krys & Associates Cayman Ltd

("Krys & Associates") as joint official liquidators ("Joint Official Liquidators") of Sextant

Strategic Global Water Fund Offshore Ltd. ("Sextant"), within the meaning of 11 U.S.C. §

1502(6), through their attorneys, Astigarraga Davis Mullins & Grossman, P.A., respectfully

moves this court for entry of an order pursuant to §1517 of the Bankruptcy Code recognizing as

a Foreign Main Proceeding the Winding Up Proceedings pending in the Grand Court of the

Cayman Islands, as more fully described herein, granting related relief pursuant to §§ 1520 and

1521 of the Bankruptcy Code, and granting any additional relief which may be available under

Chapter 15 of the Bankruptcy Code.

### PRELIMINARY STATEMENT

1.      The Joint Official Liquidators have commenced this case pursuant to 11 U.S.C. §

1504 seeking recognition of the Winding Up Proceedings pending in the Grand Court of the

Cayman Islands (the "Cayman Court") as Foreign Main Proceedings, as defined in 11 U.S.C. §

1502(4) and § 101(23), and seeking relief as of right under § 1520 and further relief available

under § 1521. The Joint Official Liquidators are contemporaneously filing a declaration (the "Joint Official Liquidators Declaration").

2.      The Statement of Foreign Representative, as required by § 1515(c) of the Bankruptcy Code, together with a list of Administrators, Parties and Entities pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy, is attached hereto as **Exhibit A**.

3.      As required by § 1515 of the Bankruptcy Code, the Petition is accompanied by a certified copy of that certain Order dated June 24, 2010, by the Cayman Court placing Sextant into liquidation, pursuant to the laws of the Cayman Islands and appointing the Joint Official Liquidators ("the Liquidation Orders"), attached hereto as part of **Exhibit B**.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410. This is a core proceeding under 28 U.S.C. § 157(b)(2)(p).

## FACTUAL BACKGROUND

5.      Sextant is a mutual fund focused on resource-based commodities, including water and minerals. On May 15, 2009, as part of ongoing regulatory proceedings, the Cayman Islands Monetary Authority ("CIMA") appointed Mr. Krys and Mr. Le Cornu to assume control of the affairs of the Sextant Funds (in such capacity, the "Controllers") pursuant to section 30(3)(e) of the Mutual Funds Law (2007 Revision) of the Cayman Islands. Copies of the CIMA Letter of Appointment of Controllers dated May 15, 2009 appointing Mr. Krys and Mr. Le Cornu as Controllers and the Order of the Cayman Court dated June 16, 2009 giving directions as to the extent of the Controllers' powers and other matters are attached hereto as **Exhibits C and D**.

6.      The mandate of the Controllers included notifying interested parties of their appointment, taking possession of the assets of Sextant, investigating the affairs of Sextant and reporting to CIMA on the results of the investigation and the options available to CIMA to either bring Sextant into compliance with the *Mutual Funds Law*, or to reorganize, restructure, or wind

2

up Sextant. As a result of the Controllers' investigation, it was concluded that Sextant owed substantial debts to their creditors which they were unable to pay as they generally came due, and that the appointment of a liquidator would be in the best interests of the creditors and investors.

7.      Accordingly, on June 25, 2010 the Cayman Court issued the Liquidation Orders, based on the amended petition of Barfield Nominees Limited, presented December 12, 2008, and thereby commenced the Winding Up Proceedings. In doing so the Cayman Court found that, by virtue of the Sextant's non-payment of share redemption proceeds to the petitioner in the Winding Up Proceedings, Sextant was insolvent. The Liquidation Orders provide, *inter alia*, that Sextant be wound-up pursuant to the provisions of the *Companies Law (as amended)* of the Cayman Islands and that Mr. Krys and Mr. Le Cornu are appointed as the Joint Official Liquidators of Sextant, without security, with the power to act jointly and severally. Copies of the Liquidation Orders are attached hereto as part of **Composite Exhibit B.**

8.      The primary object of the Liquidation Orders is to effect a court-supervised liquidation of Sextant. Pursuant to section 110 of the *Companies Law (as amended)* it is the function of an official liquidator, who is an officer of the Cayman Court, to (a) collect, realise and distribute the assets of the company to its creditors and, if there is a surplus, to the persons entitled to it; and (b) report to the company's creditors and contributories upon the affairs of the company and the manner in which it has been wound up. Attached hereto and marked as **Exhibit E** are the sections of the *Companies Law (as amended)* that are applicable to a winding up.

9.      The Joint Official Liquidators applied for recognition of the Winding Up Proceedings in the Ontario Superior Court of Justice ("the Ontario Court") pursuant to section 269 and 272 of the Bankruptcy and Insolvency Act, r.s.c. 1985, c. b-3, as amended of Canada. The Ontario Court granted a Recognition Order of the Winding Up Proceedings as Main Proceedings in Canada and granted an Order for Additional Relief on October 27, 2010 ("the Canadian Orders"). Copies of the Canadian Orders are attached as **Composite Exhibit F**.

10.     With the exception of the proceedings commenced in the Cayman Islands pursuant to the Liquidation Orders, and the Canadian Orders mentioned above there are no other liquidation or reorganization proceedings commenced in respect of Sextant in any other jurisdiction.

11.    Based on all of the foregoing, the Winding Up Proceedings are a judicial proceeding dealing with creditors' collective interests generally under the insolvency laws of the Cayman Islands, pursuant to which the property and affairs of Sextant are subject to the control and supervision of the Cayman Court for the purpose of liquidation.

**Center of Main Interest:**
**Background and Affairs of Sextant in the Cayman Islands**

12.    The Cayman Islands was, at the time the Cayman Winding Up Orders were issued, and still is, the center of main interest for Sextant. This is based on the following factors, which are known to the Joint Official Liquidators through their involvement with the Sextant as Controllers and Joint Official Liquidators:

(i)     Sextant is being wound up in Cayman Islands;

(ii)    the Joint Official Liquidators who are responsible for managing and directing the affairs of Sextant are qualified to act as Official Liquidators in the Cayman Islands pursuant to the Cayman Islands' Insolvency Practitioners Regulations 2008 (as amended) and are directing the affairs of Sextant from their offices in Grand Cayman, Cayman Islands;

(iii)   all of the work being performed by the Joint Official Liquidators and the staff members employed by Krys & Associates in that capacity is being performed from their offices in Grand Cayman, Cayman Islands;

(iv)    the Joint Official Liquidators report and have responsibility to the Cayman Court, which exercises a close watch over the Liquidator's management and direction of Sextant, including approval of their remuneration;

(v)     the Controllers who were responsible for managing and directing the investigation into the affairs of Sextant for more than a year prior to the appointment of the Joint Official Liquidators were managing and directing the investigation from their offices in Grand Cayman, Cayman Islands;

(vi)    a substantial amount of the work performed by the Controllers and the staff members employed by Krys & Associates in that capacity prior to the appointment of the Joint Official Liquidators was performed from their offices in Grand Cayman, Cayman Islands;

(vii)   during their appointment the Controllers reported and had responsibilities to CIMA, the primary financial services regulator of the Cayman Islands;

(viii)  Sextant was incorporated under the *Companies Law (2004 Revision)* of the Cayman Islands;

4

(ix)   Sextant is regulated by CIMA under the laws of Cayman Islands;

(x)   the Private Placement Memoranda issued in respect of Sextant identifies it as Cayman Island companies, are filed with CIMA, and are based upon and governed by the law of the Cayman Islands;

(xi)   Sextant has its registered head office in Grand Cayman, Cayman Islands;

(xii)   the only business premises of Sextant is the office of the Controllers and Joint Official Liquidators, which is physically located in the Cayman Islands;

(xiii)   the books and records of Sextant have been kept at the office of the Controllers in the Cayman Islands since May, 2009 and in the office of the Joint Official Liquidators in the Cayman Islands since June 24, 2010;

(xiv)   the Registered Secretary and Registered Agent of Sextant are located in the Cayman Islands;

(xv)   the most recent auditors of Sextant were BDO Tortuga, located in Grand Cayman, Cayman Islands, and the last auditor's report was issued there;

(xvi)   the operating bank accounts of Sextant are located in the Cayman Islands, at Butterfield Bank (Cayman) Limited, P.O. Box 705, Grand Cayman, Cayman Islands, KY1-1107;

(xvii)   prior to the appointment of the Controllers, Sextant contracted for ongoing legal and accounting services from Cayman Island service providers;

(xviii)   in managing the affairs of Sextant, the Controllers and Joint Official Liquidators continue to contract for legal services from a Cayman Island firm;

(xix)   the Controllers have advised creditors and other interested stakeholders of their appointment and directed that communications to Sextant should be made to the office of the Controllers in the Cayman Islands.  Similar notices were issued to stakeholders by the Joint Official Liquidators on their appointment;

(xx)   all notices, updates and correspondence of Sextant since the appointment of the Controllers have been sent from the offices of the Controllers or the Joint Official Liquidators in Cayman Islands;

(xxi)   the websites of the Joint Official Liquidators in respect of Sextant are hosted in Cayman Islands, and direct visitors to contact them at their offices in the Cayman Islands;

(xxii)   the foreign creditor, Barfield Nominees Limited, which filed the petition to commence the Winding Up Proceedings, identified Cayman Islands as the appropriate forum for the liquidation of Sextant; and

5

(xxiii) many of the creditors of Sextant expect to deal with Sextant through the Controllers and Joint Official Liquidators in the Cayman Islands, and are represented there.

13.    It is also worth noting that the interests of Sextant are global in character, and Sextant has investments and affiliations with entities in Cayman Islands, Bermuda, Iceland, Luxembourg and Canada.

## **RECOGNITION IS APPROPRIATE**

14.    The Joint Official Liquidators have satisfied each of the requirements for recognition of the Winding Up Proceedings under Chapter 15 of the Bankruptcy Code. As set forth in the Joint Official Liquidators Declaration:

(a) The Joint Official Liquidators qualify as "foreign representatives" as defined in 11 U.S.C. § 101(24) because they are persons authorized under applicable Cayman Islands law, and have been designated by the Grand Court to act in that capacity.

(b) The Winding Up Proceedings are "foreign main proceedings" as defined in 11 U.SC. § 101(23) and 1502(4), because they are (i) pending in the Cayman Islands, which is Sextant's "center of main interests," as such term is used in Sections 1502(4), 1516(c) and 1517(b)(1), and (ii) a collective judicial proceeding under which Sextant's assets and affairs are subject to the supervision of the Grand Court for the purpose of the liquidation.

## **RELIEF REQUESTED**

15.    In furtherance of their duties the Joint Official Liquidators seek an Order pursuant to §§ 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code, and, if and as necessary, Rule 65 of the Federal Rules of Civil Procedure as made applicable herein by Rule 7065 of the Federal Rules of Bankruptcy Procedure, granting the following relief:

6

(a)    Recognizing the Winding Up Proceedings as Foreign Main Proceedings as defined in § 1502(4) of the Bankruptcy Code and the Joint Official Liquidators as the Foreign Representatives.

(b)    Granting relief as of right upon recognition of a foreign main proceeding pursuant to § 1520 of the Bankruptcy Code;

(c)    Granting further additional relief as authorized by § 1521 of the Bankruptcy Code, including, without limitation:

(i)    staying the commencement or continuation of any action or proceeding without the consent of the Trustee concerning the assets, rights, obligations or liabilities of the Sextant Funds to the extent not stayed under § 1520(a) of the Bankruptcy Code.

(ii)    staying execution against the assets of Sextant to the extent not stayed under § 1520(a);

(iii)    suspending the right to transfer or otherwise dispose of any assets of Sextant to the extent this right has not been suspended under § 1520(a);

(iv)    providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of Sextant, and finding that such information is required in the foreign proceeding under the law of the United States;

(v)    entrusting the administration or realization of all or part of the assets of Sextant within the territorial jurisdiction of the United States to the Joint Official Liquidators;

(vi)    entrusting the distribution of all or part of Sextant's assets located within the United States to the Joint Official Liquidators and finding that the assets of the creditors of Sextant are sufficiently protected thereby;

7

(vii)    otherwise granting comity to and giving full force and effect to the Liquidation Orders and any other order issued and to be issued in the Winding Up Proceedings; and

(viii)    awarding the Joint Official Liquidators such other and further relief as this Court may deem just and proper.

## HEARING DATE AND NOTICE

16.    The Joint Official Liquidators request that the Court set the date for a hearing, pursuant to § 1517(c) of the Bankruptcy Code "at the earliest possible time".

## CONCLUSION

**WHEREFORE**, Petitioner respectfully requests that this Court recognize the foreign proceeding as foreign main proceedings, granting the relief requested above, recognizing the foreign proceeding as a foreign non-main proceeding if recognition as a foreign main proceeding is not granted, and grant such other and further as may be just and proper.

Respectfully Submitted,

Astigarraga Davis
Mullins & Grossman, P.A.
*Attorneys for Petitioner*
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Telephone (305) 372-8282
Facsimile (305) 372-8202
Email: ggrossman@astidavis.com
         edavis@astidavis.com

By:    s/ Gregory S. Grossman
       Gregory S. Grossman
       Florida Bar No 896667
       Edward H. Davis, Jr.
       Florida Bar No: 704539

8

## VERIFICATION

BEFORE ME, the undersigned authority, personally appeared Kenneth M. Krys, who, after being first duly sworn, deposes and says that he is the court-appointed Joint Official Liquidator of Sextant Strategic Global Water Fund Offshore Ltd (In Official Liquidation), and that, in such capacity, he has authority to make this verification; that the Affiant has read the foregoing Verified Petition For Recognition and states that the facts and matters alleged and contained therein are true and correct to the best of his information and belief; that this Affiant has made this Affidavit either upon his own personal knowledge of the facts involved or based upon his review of the books and records customarily kept and maintained by Sextant.

FURTHER AFFIANT SAYETH NAUGHT.

_____

Kenneth M. Krys
Joint Official Liquidator of Sextant Strategic Global Water Fund Offshore Ltd (In Official Liquidation)

STATE OF _George Town_
COUNTY OF _Grand Cayman, Cayman Islands_

Sworn to and subscribed before me this _2_ day of _November_, 2010, by Kenneth M. Krys, and who is personally ~~known to me or~~ has produced _____ as identification and who did take an oath.

NOTARY PUBLIC

Sign: _____

Print: _Simone Tomkins_

My Commission Expires:

Simone Tomkins
Notary Public in and for the Cayman Islands
My commission expires Jan 31st, 20 _11_

F:\WDOX\CLIENTS\90000\1906\00123055.DOC

9

**EXHIBIT "A"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

**SEXTANT STRATEGIC GLOBAL
WATER FUND OFFSHORE LTD
(IN OFFICIAL LIQUIDATION)**

Chapter 15
Case No. _____

Debtors in a Foreign Proceeding.
_____/

**DECLARATION OF TRUSTEE AND LIST OF ADMINISTRATORS, PARTIES, AND
ENTITIES PURSUANT TO 11 U.S.C. §1515 AND BANKRUPTCY RULE 1007(a)(4)**

I, KENNETH MELVIN KRYS, hereby declare as follows:

1.      I am over the age of 18 and, if called upon, could completely testify to all matters set forth in this statement based upon my own personal knowledge except for those portions specified as being otherwise.

2.      Mr. Timothy Le Cornu and I were appointed Joint Official Liquidators, with the power to act jointly or severally, in the pending Winding Up Proceedings of Sextant Strategic Global Water Fund Offshore Ltd (In Official Liquidation) ("Sextant"), by the Grand Court of the Cayman Islands, on June 24, 2010. By virtue of the appointment by the Cayman Islands Court, I as the Joint Official Liquidator am authorized to appear in this Court as a foreign representative of the bankruptcy proceeding in the Cayman Islands.  True and correct copies of the Orders appointing me as Joint Official Liquidator are attached to the Verified Petition.

3.      I hereby file the following list in accordance with Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure of the United States.

## Administrators in Foreign Proceedings of the Debtor

4.     The Liquidator is not aware of any foreign proceedings, as that term is defined in 11 U.S.C. 101(23), of the Debtor other than this Chapter 15 Petition and the proceedings before the Ontario Superior Court of Justice resulting in recognition of the Winding Up by the Ontario Superior Court of Justice.  The Orders of the Ontario Superior Court of Justice are attached to the Verified Petition.

## Parties to any U.S. Litigation in which the Debtor is a Party

5.     The Liquidator is not aware of any other litigation pending in the United States in which Sextant is a party.

## Entities Against Whom Provisional Relief Is Being Sought

6.     The Liquidator is not seeking interim relief at this time against any entities under 11 U.S.C. § 1519.

IN WITNESS WHEREOF, I have executed this Statement under penalty of perjury under the laws of the United States of America this ___ day of November 2010.

_____          _____
KENNETH MELVIN KRYS

F:\WDOX\CLIENTS\90000\1906\00123056.DOC

2

# EXHIBIT "B"

IN THE GRAND COURT OF THE CAYMAN ISLANDS

FINANCIAL SERVICES DIVISION

FSD NO. 136/2010 - AJJ

(ORIGINALLY CAUSE NO. 581 OF 2008)

IN THE MATTER OF THE COMPANIES LAW

AND IN THE MATTER OF SEXTANT STRATEGIC GLOBAL WATER FUND OFFSHORE LTD.

**WINDING UP ORDER**

**UPON** the Amended Petition of Barfield Nominees Limited (the **Petitioner**) presented against Sextant Strategic Global Water Fund Offshore Ltd. (the **Company**) on 12 December 2008

**AND UPON** reading the First Affidavit of Frank Bauler sworn on 9 February 2009, the Fourth Affidavit of Mark Woodall sworn on 25 May 2010, the Second Affidavit of Kenneth Krys sworn on 2 June 2010, the Second Affidavit of Timothy Le Cornu sworn on 2 June 2010, the First Affidavit of Shannon McKinnon sworn on 8 June 2010, the First Affidavit of Shaun Laubman sworn on 22 June 2010 and the Controllers' Reports dated 24 June 2009, 21 July 2009, 25 September 2009 and 15 June 2010

**AND UPON** hearing counsel for (i) the Petitioner, (ii) the Cayman Islands Monetary Authority, (iii) Mr. Francois Carrard, Mr. Paolo Combo and Bermuda Trust Company Limited as the Trustees of the Squirrel Trust No. 1, and (iv) Global Edge Insurance Co Limited

**IT IS ORDERED** that:-

(1)    The Company be wound up by the Court under the provisions of the Companies Law.

I certify this to be a true copy of the original document which I have sighted this 29 OCT 2010 (2 pages)

Karen A. O'Brien
Notary Public for and in the Cayman Islands.
My commission expires Jan 31 2014

1

(2)     Kenneth Krys and Timothy Le Cornu, both of Krys & Associates Cayman Limited of Governors Square, Building 6, 2nd Floor, 23 Lime Tree Bay Ave., PO Box 10663, Grand Cayman KY1-1106, Cayman Islands be appointed as Joint Official Liquidators of the Company with power to act jointly and severally (the **Official Liquidators**).

(3)     The Official Liquidators shall not be required to give security for their appointment.

(4)     In addition to their powers prescribed in Part II of the Third Schedule to the Companies Law which are exercisable without sanction of this Court, the Official Liquidators may also without further sanction or intervention from this Court:

    (a)     exercise the powers set out in Part I of the Third Schedule to the Companies Law; and

    (b)     take any such action as may be necessary or desirable to obtain the recognition of their appointment in any other relevant jurisdictions and to make applications to the courts of such jurisdictions for that purpose,

**and for the avoidance of doubt the powers bestowed on the Official Liquidators may be exercised by them within and outside the Cayman Islands.**

(5)     **The costs of the Petitioner of and incidental to the Petition be paid forthwith by the Official Liquidators from the assets of the Company, to be taxed on the indemnity basis if not agreed.**

Dated this 25th day of June 2010
Filed this 25 day of June 2010

The Honourable Mr Justice Jones
Judge of the Financial Services Division of the
Grand Court of the Cayman Islands

This Order was filed by Campbells, Attorneys-at-Law for the Petitioner, whose address for service is that of its Attorneys-at-Law at Fourth Floor, Scotia Centre, George Town, Grand Cayman, Cayman Islands B.W.I. (Ref: JRM/GM/15746)

2

# EXHIBIT "C"



# CAYMAN ISLANDS
# MONETARY AUTHORITY

**Mutual Funds Law (2007 Revision)**

**APPOINTMENT OF CONTROLLER**

Pursuant to Section 30(3)(e) of
the Mutual Funds Law (2007 Revision)

1. The Cayman Islands Monetary Authority pursuant to the powers conferred by Section 30(3)(e) of the Mutual Funds Law (2007 Revision) and at the expense of Sextant Strategic Global Water Fund Offshore Ltd. and Sextant Strategic Hybrid2Hedge Resource Fund Offshore Ltd. (together "the Funds"),

   NOW HEREBY APPOINTS Messrs. Kenneth M. Krys and Timothy Le Cornu, of the firm of Krys and Associates, to assume control of the affairs of the Funds and who shall, with necessary changes, have all the powers of a person appointed as a receiver or manager of a business appointed under Section 18 of the Bankruptcy Law (1997 Revision).

2. Messrs. Krys and Le Cornu are REQUIRED to apply to the Grand Court of the Cayman Islands to obtain directions under Section 18 of the Bankruptcy Law (1997 Revision). Such application should include obtaining directions regarding the professional fees and costs of the Controllers.

3. Messrs. Krys and Le Cornu are REQUIRED to prepare and furnish a report in accordance with Section 30(9)(b) of the Mutual Funds Law (2007 Revision) to the Cayman Islands Monetary Authority of the affairs of the licensee and of their recommendations thereon. This report is to be furnished as soon as possible, but no later than three months from the date of this appointment. An interim report shall be furnished within 15 days from the date of this appointment.

Dated this 15th day of May 2009

_Scotland_

Cindy Scotland (Mrs.)
Managing Director
Cayman Islands Monetary Authority

---

**EXHIBIT "D"**

IN THE GRAND COURT OF THE CAYMAN ISLANDS

CAUSE NO:  274 OF 2009

IN THE MATTER OF SECTION 18 OF THE BANKRUPTCY LAW (1997 REVISION)

AND

IN THE MATTER OF SECTION 30(3)(E) OF THE MUTUAL FUNDS LAW (2007 REVISION)

AND

IN THE MATTER OF SEXTANT STRATEGIC GLOBAL WATER FUND OFFSHORE LTD. (IN CONTROLLERSHIP)

AND

IN THE MATTER OF SEXTANT STRATEGIC HYBRID2HEDGE RESOURCE FUND OFFSHORE LTD. (IN CONTROLLERSHIP)

IN OPEN COURT
THE 16th DAY OF JUNE 2009
BEFORE THE HONOURABLE MR. JUSTICE FOSTER

---
### ORDER
---

UPON THE PETITION of Messrs Kenneth Krys and Timothy Le Cornu of Krys & Associates Cayman Ltd. as controllers ("the Controllers") appointed by the Cayman Islands Monetary Authority ("CIMA") pursuant to Section 30(3)(e) of the Mutual Funds Law (2007 Revision) of Sextant Strategic Global Water Fund Offshore Ltd. (In Controllership) and Sextant Strategic Hybrid$^2$ Hedge Resource Fund Offshore Ltd. (In Controllership) (collectively, the "Funds") presented to this Honourable Court on the 3rd day of June 2009;

AND UPON HEARING Counsel for the Controllers;

AND UPON READING the Petition and the First Affidavit of Mr. Kenneth Krys dated 11 June 2009 and filed herein;

IT IS HEREBY ORDERED as follows:

1.     Pursuant to, but without limiting, the powers granted to the Controllers under sections 30(3)(e), (7), (8) & (9) of the Mutual Funds Law (2007 Revision), the Controllers' powers include, in respect of the Funds or either of them and without further sanction of the Court, the power to:

1.1.  assume control of, collect and get in all property or assets of whatever nature to which the Funds are or appear to be entitled and to bring, institute or defend any action or other legal proceedings relating to the property or assets of the Funds;

1.2.  safeguard the interests of investors or creditors of the Funds and prepare an inventory of assets and liabilities of the Funds as necessary;

1.3.  take possession or make copies of the books, records and other documents pertaining to the affairs of the Funds and obtain from the Funds, their respective Boards of Directors and any agents or employees of, or service providers to, the Funds such documents or information as the Controllers reasonably consider necessary to properly discharge their functions under this Order and to enable a proper accounting of the current financial position of the Funds;

1.4.  with the approval of the CIMA, appoint one or more agents whether in the Cayman Islands or elsewhere as they may consider necessary to do any business which the Controllers are unable to do themselves or which may be more conveniently be done by such agent(s);

1.5.  except as provided in Order 1.4 above, appoint, upon such terms as they may think fit, barristers, attorneys, solicitors, other professional persons or agents, whether in the Cayman Islands or elsewhere, as they may consider necessary to advise and assist the Controllers in the performance of their duties and functions;

1.6.  enter into discussions and negotiations with any person in the Cayman Islands or elsewhere as necessary to arrive at a prompt and orderly resolution of any financial problems of the Funds;

1.7.  refer to CIMA all matters of a legal or mutual fund supervisory nature pertaining to the Funds;

1.8.  to discover and recover all debts due to the Funds including the power to bring or defend any action, suit, prosecution, or other legal or quasi-judicial proceedings whether civil or criminal in the name and on behalf of the Funds whether within the Cayman Islands or elsewhere;

1.9.  investigate the financial condition of the Funds and interview such persons whether within the Cayman Islands or elsewhere having knowledge or suspected of having knowledge of the Funds' affairs to the extent that such interviews are considered necessary or appropriate by the Controllers to assist them in the execution of their powers and duties;

1.10.  sell the real and personal property, effects and things in action of the Funds by public auction or private contract, with power to transfer the whole thereof to any person or company or to sell the same in parcels insofar as the exercise of this power shall be necessary to preserve or protect the value of the Funds' assets or business;

1.11.  carry on the business of the Funds, so far as may be necessary for the assumption of control of the affairs of the Funds and/or as shall be necessary to preserve or protect the value of the Funds' assets or business;

1.12.   refer any dispute to arbitration, compromise all debts, claims and liabilities, whether present or future, certain or contingent, liquidated or unliquidated, subsisting or supposed to subsist between the Funds and any person who may have incurred any liability to the Funds, upon the receipt of such sums payable at such times and generally upon such terms as may be agreed upon;

1.13.   make such compromise or other arrangement as may be thought expedient:

1.13.1. with creditors or investors of the Funds or persons claiming to be creditors or investors of the Funds, in respect of any debts of the Funds;

1.13.2. with respect to any claim arising out of or incidental to the property of the Funds, made or capable of being made by any person;

1.14.   draw, accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the Funds, and from time to time to raise upon the security of the assets of the Funds any requisite sum or sums of money; and the drawings, accepting, making or endorsing of every such bill of exchange or promissory note as aforesaid on behalf of the Company shall have the same effect with the respect of the liability of such company as if such bill or note had been drawn, accepted, made or endorsed by or on behalf of such company in the course of the carrying of the business thereof save insofar as the exercise of this power shall be necessary for the control of the affairs of the Funds in order to protect and preserve the assets and/or the business of the Funds;

1.15.   do and execute all such things as may be necessary for the conduct and control of the affairs and the business of the Funds including but not limited to the power to revoke on behalf of the Funds any subsisting Power of Attorney or other deed or instrument;

1.16.   execute on behalf of the Funds any Power of Attorney or other deed or instrument that may, in the opinion of the Controllers be necessary for the conduct of any of the affairs or business of the Funds or for the exercise of any of the powers set out in this Order and to take any and all necessary steps to register or howsoever effect or have recognised the Power of Attorney whether in the Cayman Islands or elsewhere;

        at any time, apply to the court for directions concerning the above powers or with regard to any matters arising out of the management or conduct of the affairs of the Funds.

        The actions taken by the Controllers pursuant to their appointment prior to the making of this Order shall be deemed to be pursuant to the powers granted to them under the Mutual Funds Law (2007 Revision) by virtue of their appointment as Controllers and/or pursuant to this Order.

3.      Pursuant to section 30(6) of the Mutual Funds Law (2007 Revision) and subject to the approval of CIMA, the Controllers are authorised to remunerate themselves and their staff for their professional fees at the hourly rates set out in the Controllers' letter to CIMA dated 15 May 2009 and payment of the Controllers' professional fees and costs shall be made out of the assets of the Funds.

4.  Except as provided in Order 6 hereof, the Controllers' professional fees and costs shall be approved by CIMA in accordance with CIMA's Procedure for Assessing Controller Costs (the "Cost Assessment Procedure").

5.  The professional fees and expenses of Solomon Harris for acting on behalf of the Controllers shall be approved by CIMA in accordance with the Cost Assessment Procedure.  If the professional fees and expenses of Solomon Harris are required by CIMA to be the subject of an independent expert's opinion in accordance with the Cost Assessment Procedure, the independent expert who shall provide an opinion as to those fees and expenses shall be the Taxation Officer of the Grand Court, who is to conduct a taxation of those fees and expenses on the basis set out in Order 25 of The Companies Winding Up Rules 2008 ("CWR") and the applicable hourly rate for professional fees is as set out in the engagement letter from Solomon Harris to the Controllers dated 10 June 2009.

6.  In the event that the professional fees and expenses of Solomon Harris for acting on behalf of the Controllers become subject to a taxation by the Grand Court initiated by the Controllers, then such taxation shall be conducted on the basis set out in Order 25, CWR and the applicable hourly rate for professional fees is as set out in the engagement letter from Solomon Harris to the Controllers dated 10 June 2009.

7.  The Controllers have the power to apply to any court ("Foreign Court") of any other jurisdiction ("Foreign Jurisdiction") for recognition by a Foreign Court of the powers of the Controllers in relation to the Funds granted to them under the Mutual Funds Law (2007 Revision) by virtue of their appointment as Controllers and pursuant to this Order, and to represent to a Foreign Court in making such an application that this Honourable Court requests the Foreign Court to give assistance and recognition to the Controllers to the maximum extent permitted by the law of the Foreign Jurisdiction.

8.  No security shall be required from the Controllers.

9.  The Controllers shall have liberty to apply.

10.  The Controllers' and CIMA's costs of this Petition shall be borne equally by each of the Funds and be paid out of the assets of the Funds.

**DATED** this 16th day of June, 2009
**FILED** this 18 day of June, 2009

JUDGE OF THE GRAND COURT

THIS ORDER was FILED by SOLOMON HARRIS of 3rd Floor, FirstCaribbean House, P.O. Box 1990, Grand Cayman, Cayman Islands, Attorneys-at-law for and on behalf of the Petitioners whose address for service is that of their said Attorneys-at-law.

**EXHIBIT "E"**

*Companies Law (2010 Revision)*

Supplement No. 1 published with Gazette No. 15 of 19th July, 2010.

# COMPANIES LAW

## (2010 Revision)

Cap. 22 (Law 3 of 1961) of the 1963 Revised Edition of the Laws consolidated with Laws 12 of 1962, 9 of 1966, 1 of 1971, 7 of 1973, 24 of 1974, 25 of 1975, 19 of 1977, 16 of 1978, 8 of 1980, 21 of 1981, 34 of 1983, 2 of 1984, 22 of 1984, 15 of 1985, 38 of 1985, 24 of 1987, 14 of 1988, 14 of 1989, 10 of 1990, 3 of 1991, 23 of 1991 (part), 11 of 1992, 3 of 1993, 23 of 1993, 33 of 1993, 2 of 1994, 8 of 1994, 14 of 1996, 26 of 1997, 4 of 1998, 6 of 1998, 20 of 1998 (part), 5 of 1999, 7 of 2000 (part), 5 of 2001, 10 of 2001, 29 of 2001, 46 of 2001, 22 of 2002, 26 of 2002, 28 of 2003, 13 of 2006, 15 of 2007, 12 of 2009 and 33 of 2010.

Revised under the authority of the Law Revision Law (1999 Revision).

Originally enacted-

| | |
|---|---|
| Cap. 22-1st January, 1964 | Law 3 of 1993-26th March, 1993 |
| Law 9 of 1966-14th March, 1966 | Law 23 of 1993-29th September, 1993 |
| Law 1 of 1971-8th January, 1971 | Law 33 of 1993-29th November, 1993 |
| Law 7 of 1973-28th June, 1973 | Law 2 of 1994-9th March, 1994 |
| Law 24 of 1974-22nd November, 1974 | Law 8 of 1994-23rd September, 1994 |
| Law 25 of 1975-9th December, 1975 | Law 14 of 1996-5th September, 1996 |
| Law 19 of 1977-10th November, 1977 | Law 26 of 1997-15th December, 1997 |
| Law 16 of 1978-8th September, 1978 | Law 4 of 1998-4th March, 1998 |
| Law 6 of 1980-17th March, 1980 | Law 6 of 1998-9th March, 1998 |
| Law 21 of 1981-13th October, 1981 | Law 20 of 1998-15th February, 1999 |
| Law 34 of 1983-24th November, 1983 | Law 5 of 1999-14th April, 1999 |
| Law 2 of 1984-28th February, 1984 | Law 7 of 2000- 20th July, 2000. |
| Law 22 of 1984-7th September, 1984 | Law 5 of 2001-20th April, 2001 |
| Law 15 of 1985-24th May, 1985 | Law 10 of 2001-25th May, 2001 |
| Law 38 of 1985-19th December, 1985 | Law 29 of 2001-26th September, 2001 |
| Law 24 of 1987-17th November, 1987 | Law 46 of 2001-14th January, 2002 |
| Law 14 of 1988-9th September, 1988 | Law 22 of 2002-5th December, 2002 |
| Law 14 of 1989-5th September, 1989 | Law 26 of 2002-5th December, 2002 |
| Law 10 of 1990-18th July, 1990 | Law 28 of 2003-3rd December, 2003 |
| Law 3 of 1991-21st February, 1991 | Law 13 of 2006-1st June, 2006 |
| Law 23 of 1991-12th December, 1991 | Law 15 of 2007-17th September, 2007 |
| Law 11 of 1992-13th July, 1992 | Law 12 of 2009-20th March, 2009 |
| | Law 33 of 2009-2nd December, 2009. |

Consolidated and revised this 6th day of July, 2010.

*Note (not forming part of the Law): This revision replaces the 2009 Revision which should now be discarded.*

*Companies Law (2010 Revision)*

scheme or contract and any shareholder who has failed or refused to transfer his shares to the transferee company, in accordance with the scheme or contract.

### PART V - Winding up of Companies and Associations

#### Introductory

Definitions

89.  In this Part-

"company" includes a foreign company in respect of which the Court has made a winding up order;

"contributory" means -

    (a)   every person liable by virtue of section 49 to contribute to the assets of a company in the event that it is wound up under this Law; and

    (b)   every holder of fully paid up shares of a company;

"controller" means a person appointed by the Authority pursuant to the regulatory laws to take control of a company;

"document" includes any device by means of which information is recorded or stored;

"foreign company" means any body corporate incorporated outside the Islands;

"foreign practitioner" means a person who is qualified under the law of a foreign country to perform functions equivalent to those performed by official liquidators under this Law or by trustees in bankruptcy under the Bankruptcy Law (1997 Revision);

1997 Revision

"limited partnership' means an ordinary limited partnership registered in accordance with section 49 of the Partnership Law (2002 Revision) or an exempted limited partnership registered in accordance with Section 9 of the Exempted Limited Partnership Law (2010 Revision);

2002 Revision

2010 Revision

"official liquidator" means the liquidator of a company which is being wound up by order of the Court or under the supervision of the Court and includes a provisional liquidator;

"prescribed" means prescribed by the Insolvency Rules Committee;

"professional service provider" means a person who contracts to provide general managerial or administrative services to a company on an annual or continuing basis;

"qualified insolvency practitioner" means a person holding the qualifications specified in the regulations made by the Insolvency Rules Committee under

54

*Companies Law (2010 Revision)*

section 155 or such other qualifications as the Court considers appropriate for the conduct of the winding up of a company;

"Rules" mean rules prescribed by the Insolvency Rules Committee;

"shadow director" means, in relation to a company, any person in accordance with whose directions or instructions the directors of the company are accustomed to act, but the person is not deemed to be a shadow director by reason only that the directors act on advice given by him in a professional capacity; and

"winding up order" includes an order that a voluntary winding up continue under the supervision of the Court and references to a company being wound up by the Court includes a company which is being wound up under the supervision of the Court.

90.    A company may be wound up-

    (a)    compulsorily by order of the Court;

    (b)    voluntarily-

        (i)    by virtue of a special resolution;

        (ii)    because the period, if any, fixed for the duration of the company by its articles of association has expired; or

        (iii)    because the event, if any, has occurred, on the occurrence of which its articles of association provide that the company shall be wound up; or

    (c)    under the supervision of the Court.

91.    The Court has jurisdiction to make winding up orders in respect of-

    (a)    an existing company;

    (b)    a company incorporated and registered under this Law;

    (c)    a body incorporated under any other law; and

    (d)    a foreign company which-

        (i)    has property located in the Islands;

        (ii)    is carrying on business in the Islands;

        (iii)    is the general partner of a limited partnership; or

        (iv)    is registered under Part IX.

### Winding up by the Court

92.    A company may be wound up by the Court if-

    (a)    the company has passed a special resolution requiring the company to be wound up by the Court;

    (b)    the company does not commence its business within a year from its incorporation, or suspends its business for a whole year;

*Alternative modes of winding up*

*Jurisdiction of the Court*

*Circumstances in which a company may be wound up by the Court*

*Companies Law (2010 Revision)*

    (c)   the period, if any, fixed for the duration of the company by the articles of association expires, or whenever the event, if any, occurs, upon the occurrence of which it is provided by the articles of association that the company is to be wound up;

    (d)   the company is unable to pay its debts; or

    (e)   the Court is of opinion that it is just and equitable that the company should be wound up

**Definition of inability to pay debts**

93.   A company shall be deemed to be unable to pay its debts if-

    (a)   a creditor by assignment or otherwise to whom the company is indebted at law or in equity in a sum exceeding one hundred dollars then due, has served on the company by leaving at its registered office a demand under his hand requiring the company to pay the sum so due, and the company has for the space of three weeks succeeding the service of such demand, neglected to pay such sum, or to secure or compound for the same to the satisfaction of the creditor;

    (b)   execution of other process issued on a judgement, decree or order obtained in the Court in favour of any creditor at law or in equity in any proceedings instituted by such creditor against the company, is returned unsatisfied in whole or in part; or

    (c)   it is proved to the satisfaction of the Court that the company is unable to pay its debts.

**Application for winding up**

94.  (1)  An application to the Court for the winding up of a company shall be by petition presented either by-

    (a)   the company;

    (b)   any creditor or creditors (including any contingent or prospective creditor or creditors);

    (c)   any contributory or contributories; or

    (d)   subject to subsection (4), the Authority pursuant to the regulatory laws.

    (2)  Where expressly provided for in the articles of association of a company the directors of a company incorporated after the commencement of this Law have the authority to present a winding up petition on its behalf without the sanction of a resolution passed at a general meeting.

    (3)  A contributory is not entitled to present a winding up petition unless either-

    (a)   the shares in respect of which he is a contributory, or some of them, are partly paid; or

    (b)   the shares in respect of which he is a contributory, or some of them, either were-

*Companies Law (2010 Revision)*

(i) originally allotted to him, or have been held by him, and registered in his name for a period of at least six months immediately preceding the presentation of the winding up petition; or

(ii) have devolved on him through the death of a former holder.

(4) A winding up petition may be presented by the Authority in respect of any company which is carrying on a regulated business in the Islands upon the grounds that it is not duly licensed or registered to do so under the regulatory laws or for any other reason as provided under the regulatory laws or any other law.

95. (1) Upon hearing the winding up petition the Court may-     **Powers of the Court**

(a) dismiss the petition;

(b) adjourn the hearing conditionally or unconditionally;

(c) make a provisional order; or

(d) any other order that it thinks fit,

but the Court shall not refuse to make a winding up order on the ground only that the company's assets have been mortgaged or charged to an amount equal to or in excess of those assets or that the company has no assets.

(2) The Court shall dismiss a winding up petition or adjourn the hearing of a winding up petition on the ground that the petitioner is contractually bound not to present a petition against the company.

(3) If the petition is presented by members of the company as contributories on the ground that it is just and equitable that the company should be wound up, the Court shall have jurisdiction to make the following orders, as an alternative to a winding-up order, namely-

(a) an order regulating the conduct of the company's affairs in the future;

(b) an order requiring the company to refrain from doing or continuing an act complained of by the petitioner or to do an act which the petitioner has complained it has omitted to do;

(c) an order authorising civil proceedings to be brought in the name and on behalf of the company by the petitioner on such terms as the Court may direct; or

(d) an order providing for the purchase of the shares of any members of the company by other members or by the company itself and, in the case of a purchase by the company itself, a reduction of the company's capital accordingly.

(4) Where an alternative order under subsection (3) requires the company not to make any, or any specified, alteration in the memorandum or articles of

57

*Companies Law (2010 Revision)*

association, the company does not have power, without the leave of the Court, to make any such alteration in breach of that requirement.

(5) Any alteration in a company's memorandum or articles of association made by virtue of an alternative order under subsection (3) is of the same effect as if duly made by resolution of the company, and the provisions of this Law shall apply to the memorandum or articles of association as so altered accordingly.

(6) A copy of an alternative order made under subsection (3) altering, or giving leave to alter, a company's memorandum or articles of association shall be filed by the company with the Registrar within fourteen days of the making of the order.

**Power to stay or restrain proceedings**

96. At any time after the presentation of a winding up petition and before a winding up order has been made, the company or any creditor or contributory may-

    (a) where any action or proceeding against the company, including a criminal proceeding, is pending in a summary court, the Court, the Court of Appeal or the Privy Council, apply to the court in which the action or proceeding is pending for a stay of proceedings therein; and

    (b) where any action or proceeding is pending against the company in a foreign court, apply to the Court for an injunction to restrain further proceedings therein,

and the court to which application is made may, as the case may be, stay or restrain the proceedings accordingly on such terms as it thinks fit.

**Avoidance of attachments and stay of proceedings**

97. (1) When a winding up order is made or a provisional liquidator is appointed, no suit, action or other proceedings, including criminal proceedings, shall be proceeded with or commenced against the company except with the leave of the Court and subject to such terms as the Court may impose.

(2) When a winding up order has been made, any attachment, distress or execution put in force against the estate or effects of the company after the commencement of the winding up is void.

**Notice of winding up order**

98. When a winding up order is made, the liquidator shall-

    (a) file a copy of the winding up order with the Registrar; and

    (b) publish notice of the winding up in the Gazette and any newspaper in which the winding up petition was advertised.

**Avoidance of property dispositions, etc.**

99. When a winding up order has been made, any disposition of the company's property and any transfer of shares or alteration in the status of the company's

*Companies Law (2010 Revision)*

members made after the commencement of the winding up is, unless the Court otherwise orders, void.

100. (1)  If, before the presentation of a petition for the winding up of a company by the Court-

Commencement of winding up by Court

    (a)  a resolution has been passed by the company for voluntary winding up;

    (b)  the period, if any, fixed for the duration of the company by the articles of association has expired; or

    (c)  the event upon the occurrence of which it is provided by the articles of association that the company is to be wound up has occurred,

the winding up of the company is deemed to have commenced at the time of passing of the resolution or the expiry of the relevant period or the occurrence of the relevant event.

    (2)  In any other circumstance not specified in subsection (1), the winding up of a company by the Court is deemed to commence at the time of the presentation of the petition for winding up.

101. (1)  Where the Court has made a winding up order or appointed a provisional liquidator, the liquidator may require some or all of the persons mentioned in subsection (3) to prepare and submit to him a statement in the prescribed form as to the affairs of the company.

Company's statement of affairs

    (2)  The statement shall be verified by an affidavit sworn by the persons required to submit it and shall show-

    (a)  particulars of the company's assets and liabilities, including contingent and prospective liabilities;

    (b)  the names and addresses of any persons having possession of the company's assets;

    (c)  the assets of the company held by those persons;

    (d)  the names and addresses of the company's creditors;

    (e)  the securities held by those creditors;

    (f)  the dates when the securities were respectively given; and

    (g)  such further or other information that the liquidator may require.

    (3)  The persons referred to in subsection (1) are-

    (a)  persons who are or have been directors or officers of the company;

    (b)  persons who are or have been professional service providers to the company; and

*Companies Law (2010 Revision)*

(c)   persons who are or have been employees of the company, during the period of one year immediately preceding the relevant date.

(4)   Where any persons are required under this section to submit a statement of affairs to the liquidator, they shall do so, subject to subsection (5), before the end of the period of twenty-one days beginning with the day after that on which the prescribed notice of the requirement is given to them by the liquidator.

(5)   The liquidator may release a person from an obligation imposed on him under subsection (1) or, when giving the notice mentioned in subsection (4) or subsequently, the liquidator may extend the time for compliance; and if the liquidator refuses to extend the time for compliance, the Court may do so.

(6)   In this section-

"relevant date" means-

(a)   in a case where a provisional liquidator is appointed, the date of his appointment; and

(b)   in any other case, the commencement of the winding up.

(7)   A person who, without reasonable excuse, fails to comply with any obligation imposed under this section is guilty of an offence and liable on conviction to a fine of ten thousand dollars.

**Investigation by liquidator**

102. (1)   Where a winding up order is made by the Court, the liquidator shall be empowered to investigate-

(a)   if the company has failed, the causes of the failure; and

(b)   generally, the promotion, business, dealings and affairs of the company,

and to make such report, if any, to the Court as he thinks fit.

(2)   Subject to obtaining the directions of the Court, the liquidator shall have power to -

(a)   assist the Authority and the Royal Cayman Islands Police Force to investigate the conduct of persons referred to in section 101(3); and

(b)   institute and conduct a criminal prosecution of persons referred to in section 101(3).

(3)   Subject to obtaining the prior approval of the company's creditors, if it is insolvent, or its contributories, if it is solvent, the directions given under subsection (2) may include a direction that the whole or part of the costs of investigation and prosecution be paid out of the assets of the company.

60

*Companies Law (2010 Revision)*

103. (1)    This section applies to any person who, whether resident in the Islands or elsewhere-

> (a)    has made or concurred with the statement of affairs;
> (b)    is or has been a director or officer of the company;
> (c)    is or was a professional service provider to the company;
> (d)    has acted as a controller, advisor or liquidator of the company or receiver or manager of its property;
> (e)    not being a person falling within paragraphs (a) to (c), is or has been concerned or has taken part in the promotion, or management of the company,

and such person is referred to in this section as the "relevant person".

(2)    It is the duty of every relevant person to co-operate with the official liquidator.

(3)    While a company is being wound up, the official liquidator may at any time before its dissolution apply to the Court for an order-

> (a)    for the examination of any relevant person; or
> (b)    that a relevant person transfer or deliver up to the liquidator any property or documents belonging to the company.

(4)    Unless the Court otherwise orders, the official liquidator shall make an application under subsection (3) if he is requested in accordance with the rules to do so by one-half, in value, of the company's creditors or contributories.

(5)    On an application made under subsection (3) (a), the Court may order that a relevant person-

> (a)    swear an affidavit in answer to written interrogatories;
> (b)    attend for oral examination by the official liquidator at a specified time and place, or
> (c)    do both things specified in paragraphs (a) and (b).

(6)    The Court may direct that any creditor or contributory of the company be permitted by the official liquidator to participate in an oral examination.

(7)    The Court shall have jurisdiction-

> (a)    to make an order under this section against a relevant person resident outside the Islands; and
> (b)    to issue a letter of request for the purpose of seeking the assistance of a foreign court in obtaining the evidence of a relevant person resident outside the jurisdiction.

*Duty to co-operate and the private examination of relevant persons*

*Companies Law (2010 Revision)*

### Official Liquidators

<table>
<tr>
<td>Appointment and powers of provisional liquidator</td>
<td>

104. (1)   Subject to this section and any rules made under section 155, the Court may, at any time after the presentation of a winding up petition but before the making of a winding up order, appoint a liquidator provisionally.

(2)   An application for the appointment of a provisional liquidator may be made under subsection (1) by a creditor or contributory of the company on the grounds that-

</td>
</tr>
</table>

     (a)   there is a *prima-facie* case for making a winding up order; and

     (b)   the appointment of a provisional liquidator is necessary in order to-

          (i)   prevent the dissipation or misuse of the company's assets;

          (ii)  prevent the oppression of minority shareholders; or

          (iii)  prevent mismanagement or misconduct on the part of the company's directors.

(3)   An application for the appointment of a provisional liquidator may be made under subsection (1) by the company *ex-parte* on the grounds that-

     (a)   the company is or is likely to become unable to pay its debts within the meaning of section 93; and

     (b)   the company intends to present a compromise or arrangement to its creditors.

(4)   A provisional liquidator shall carry out only such functions as the Court may confer on him and his powers may be limited by the order appointing him.

(5)   The remuneration of the provisional liquidator shall be fixed by the Court from time to time on his application and the Court shall in fixing such remuneration act in accordance with rules made under section 155.

<table>
<tr>
<td>Appointment of official liquidator</td>
<td>

105. (1)   For the purpose of conducting the proceedings in winding up a company and assisting the Court therein, there may be appointed one or more than one person to be called an official liquidator or official liquidators; and the Court may appoint to such office such person as it thinks fit, and if more persons than one are appointed to such office, the Court shall declare whether any act hereby required or authorised to be done by the official liquidator is to be done by all or any or more of such persons.

</td>
</tr>
</table>

(2)   The Court may also determine whether any and what security is to be given by an official liquidator on his appointment; and if no official liquidator is appointed, or during any vacancy in such office, all the property of the company shall be in the custody of the Court.

*Companies Law (2010 Revision)*

(3)   The liquidator shall, within twenty-eight days of the date upon which the winding up order is made, summon-

    (a)    a meeting of the company's creditors if the order was made on the grounds that the company is insolvent; or

    (b)    a meeting of the company's contributories if the order was made on grounds other than insolvency,

for the purposes of resolving any other matters which the liquidator puts before the meeting.

(4)   The Court may make an order dispensing with the need to summon a meeting under this section or extending the time within which it shall be summoned.

106. When two or more persons are appointed to the office of liquidator, either provisionally or as official liquidators, they shall be authorised to act jointly and severally, unless their powers are expressly limited by order of the Court.

    *Appointment of joint liquidators*

107. An official liquidator may be removed from office by order of the Court made on the application of a creditor or contributory of the company.

    *Removal of official liquidators*

108. (1)   A foreign practitioner may be appointed to act jointly with a qualified insolvency practitioner.

    *Qualifications of official liquidators*

(2)   Official liquidators are officers of the Court.

109. (1)   The expenses properly incurred in the winding up, including the remuneration of the liquidator, are payable out of the company's assets in priority to all other claims.

    *Remuneration of official liquidators*

(2)   There shall be paid to the official liquidator such remuneration, by way of percentage or otherwise, that the Court may direct acting in accordance with rules made under section 155; and if more liquidators than one are appointed such remuneration shall be distributed amongst them in such proportions as the Court directs.

110. (1)   It is the function of an official liquidator-

    *Function and powers of official liquidators*

    (a)    to collect, realise and distribute the assets of the company to its creditors and, if there is a surplus, to the persons entitled to it; and

    (b)    to report to the company's creditors and contributories upon the affairs of the company and the manner in which it has been wound up.

(2)   The official liquidator may-

*Companies Law (2010 Revision)*

    (a)  with the sanction of the Court, exercise any of the powers specified in Part I of the Third Schedule; and

    (b)  with or without that sanction, exercise any of the general powers specified in Part II of the Third Schedule.

(3)  The exercise by the liquidator of the powers conferred by this section is subject to the control of the Court, and subject to subsection (5), any creditor or contributory may apply to the Court with respect to the exercise or proposed exercise of such powers (hereinafter referred to as a "sanction application").

(4)  In the case of-

    (a)  a solvent company, a sanction application may only be made by a contributory and the creditors shall have no right to be heard;

    (b)  an insolvent company, a sanction application may only be made by a creditor and the contributories shall have no right to be heard; and

    (c)  a company whose solvency is doubtful, a sanction application may be made by both contributories and creditors and both contributories and creditors shall have a right to be heard.

(5)  For the purposes of this section, a person shall be treated as a related to a company if-

    (a)  he has acted for the company as a professional service provider;

    (b)  he is or was a shareholder or director of the company or of any other company in the same group as the company;

    (c)  he has a direct or indirect beneficial interest in the shares of the company; or

    (d)  he is a creditor or debtor of the company.

**General Powers of the Court**

*Power to stay winding up*

111. (1)  The Court may at any time after an order for winding up, on the application either of the liquidator or any creditor or contributory, and on proof to the satisfaction of the Court that all proceedings in the winding up ought to be stayed, make an order staying the proceedings either all together or for a limited time, on such terms and conditions as the Court thinks fit.

(2)  The Court may at any time after the liquidation has commenced under section 116 (c), but before the final meeting has been held as provided for in section 127, on the application of the liquidator accompanied by-

    (a)  a special resolution stating that the company will not be wound up and setting out the reasons for such decision;

    (b)  proof of a recall notice published in the Gazette; and

    (c)  such other documents as the Court may consider necessary,

64

**EXHIBIT "F"**



Court File No.:  CV-10-8925-00CL

## *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### (COMMERCIAL LIST)

THE HONOURABLE MR.   )   WEDNESDAY, THE 27th

   )

JUSTICE MORAWETZ   )   DAY OF OCTOBER, 2010

   )

IN THE MATTER OF THE *BANKRUPTCY AND INSOLVENCY ACT*,
R.S.C. 1985, c. B-3, AS AMENDED

B E T W E E N:

### KENNETH M. KRYS AND TIMOTHY LE CORNU,
### IN THEIR CAPACITY AS JOINT OFFICIAL LIQUIDATORS

**Applicants**

- and -

### SEXTANT STRATEGIC GLOBAL WATER FUND OFFSHORE LTD. AND
### SEXTANT STRATEGIC HYBRID[2]HEDGE RESOURCES FUND OFFSHORE LTD.

**Respondents**

### APPLICATION UNDER SECTION 269 AND 272 OF THE *BANKRUPTCY AND*
### *INSOLVENCY ACT,* R.S.C. 1985, c. B-3, AS AMENDED

# ORDER

THIS APPLICATION, made by Kenneth M. Krys and Timothy Le Cornu of Krys &
Associates Cayman Ltd., in their capacity as the foreign representatives (the "**Foreign
Representatives**") of Sextant Strategic Global Water Fund Offshore Ltd. and Sextant Strategic
Hybrid[2]Hedge Resources Fund Offshore Ltd. (the "**Foreign Debtors**" or "**Respondents**") for an

Order recognizing the foreign proceedings commenced in respect of the Respondents in the Grand Court of the Cayman Islands (the "**Foreign Court**") was heard this day at Toronto, Ontario;

**ON READING** the Notice of Application, the Affidavit of Kenneth M. Krys, sworn September 23, 2010, including the statement of all known foreign proceedings in respect of the Foreign Debtors, and the Affidavit of Craig Powles, sworn September 21, 2010, including the certified true copies of the Petitions and Orders of the Grand Court of the Cayman Islands dated June 25, 2010 commencing the winding up proceedings in the Cayman Islands in respect of the Foreign Debtors and authorizing the Foreign Representatives to act in the capacity of foreign representatives; and on hearing the submissions of counsel to the Foreign Representatives, PricewaterhouseCoopers Inc. in its capacity as Court-appointed Receiver and Manager of Sextant Capital Management Inc., Sextant Capital GP Inc. and Sextant Strategic Opportunities Hedge Fund L.P., Newedge Canada Inc. ("**Newedge**") and Sextant Capital Management a Islandi ehf;

**SERVICE**

1.      **THIS COURT ORDERS** that the time for service and filing of the Notice of Application and the Application Record is hereby abridged so that this Application is properly returnable today and hereby dispenses with further service thereof.

**RECOGNITION OF THE FOREIGN PROCEEDINGS**

2.      **THIS COURT ORDERS** that each of the proceedings commenced in respect of the Foreign Debtors for winding up under the *Companies Law (as amended)* of the Cayman Islands (the "**Foreign Proceedings**") be and are each hereby recognized as a "foreign main proceeding" for the purposes of section 269 of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended ("**BIA**").

3.      **THIS COURT ORDERS** that the Foreign Representatives be and are hereby recognized as "foreign representatives" in the Foreign Proceedings as defined in section 268(1) of the BIA.

4.     **THIS COURT ORDERS** that the orders made in the Foreign Proceedings by the Foreign Court on June 25, 2010 and attached as Schedule "A" hereto be and are hereby recognized and enforced.

**STAY OF PROCEEDINGS**

5.     **THIS COURT ORDERS** that until such date as this Court may order (the "**Stay Period**"), no proceeding or enforcement process in any court or tribunal (each, a "**Proceeding**") shall be commenced or continued against or in respect of the Foreign Debtors or the Foreign Representatives, or affecting the business or property of the Foreign Debtors (respectively, the "**Business**" and the "**Property**"), except with the written consent of the Foreign Representatives, or with leave of this Court, and any and all Proceedings currently under way against or in respect of the Foreign Debtors or affecting the Business or the Property are hereby stayed and suspended pending further Order of this Court.

6.     **THIS COURT ORDERS** that during the Stay Period, all rights and remedies of any individual, firm, corporation, governmental body or agency, or any other entities (all of the foregoing, collectively being "**Persons**" and each being a "**Person**") against or in respect of the Foreign Debtors or the Foreign Representatives, or affecting the Business or the Property, are hereby stayed and suspended except with the written consent of the Foreign Representatives, or leave of this Court, provided that nothing in this Order shall (i) empower the Foreign Debtors or the Foreign Representatives to carry on any business which they are not lawfully entitled to carry on, (ii) affect such investigations, actions, suits or proceedings by a regulatory body as are permitted by Section 69.6 of the BIA, (iii) prevent the filing of any registration to preserve or perfect a security interest, or (iv) prevent the registration of a claim for lien.

7.     **THIS COURT ORDERS** that during the Stay Period, no Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, licence or permit in favour of or held by the Foreign Debtors or the Foreign Representatives, except with the written consent of the Foreign Representatives, or leave of this Court.

8.    **THIS COURT ORDERS** that during the Stay Period, all Persons having oral or written agreements with the Foreign Debtors or the Foreign Representatives or statutory or regulatory mandates for the supply of goods and/or services, including without limitation all computer software, communication and other data services, centralized banking services, payroll services, insurance, transportation services, utility or other services to the Business, to the Foreign Debtors or the Foreign Representatives, are hereby restrained until further Order of this Court from discontinuing, altering, interfering with or terminating the supply of such goods or services as may be required by the Foreign Debtors or the Foreign Representatives, and that the Foreign Debtors and the Foreign Representatives shall be entitled to the continued use of their current premises, telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case that the normal prices or charges for all such goods or services received after the date of this Order are paid by the Foreign Debtors or the Foreign Representatives in accordance with their normal payment practices or such other practices as may be agreed upon by the supplier or service provider and the Foreign Representatives, or as may be ordered by this Court.

9.    **THIS COURT ORDERS** that, notwithstanding anything else contained herein, no creditor of the Foreign Debtors or the Foreign Representatives shall be under any obligation after the making of this Order to advance or re-advance any monies or otherwise extend any credit to the Foreign Debtors or the Foreign Representatives.

10.    **THIS COURT ORDERS** that this order is without prejudice to the rights of any creditor or investor who have submitted or may submit a claim form to the Foreign Representatives to pursue their claim against the Foreign Debtors in the Foreign Proceedings.

11.    **THIS COURT ORDERS AND DECLARES** that notwithstanding anything to the contrary herein, this Order does not affect, limit or otherwise apply to: (i) those proceedings (the "Canadian Receivership Proceedings") currently before this Court in respect of the receivership of Sextant Strategic Opportunities Hedge Fund L.P., Sextant Capital Management Inc. and Sextant Capital GP Inc. (the "Canadian Sextant Group"), such proceedings having Court File No. CV-09-8053-CL; (ii) PricewaterhouseCoopers Inc., in its capacity as the Court-appointed receiver and manager of the Canadian Sextant Group (the "Receiver"), in the Canadian Receivership Proceedings; or (iii) any matter, issue, property or thing that is within the exclusive

or non-exclusive jurisdiction of this Court in respect of the Canadian Receivership Proceedings, the Canadian Sextant Group or the Receiver.

ENTERED AT / INSCRIT A TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

OCT 2 7 2010

PER / PAR:

# SCHEDULE "A"

## Cayman Island Orders

IN THE GRAND COURT OF THE CAYMAN ISLANDS

FINANCIAL SERVICES DIVISION

FSD NO: 137 OF 2010 - AJJ
(ORIGINALLY CAUSE NO. 582 OF 2008)

IN THE MATTER OF THE COMPANIES LAW

AND IN THE MATTER OF SEXTANT STRATEGIC HYBRID2HEDGE
RESOURCE FUND OFFSHORE LTD

## WINDING UP ORDER

**UPON** the Amended Petition of Barfield Nominees Limited (the **Petitioner**) presented against Sextant Strategic Hybrid2Hedge Resource Fund Offshore Ltd (the **Company**) on 12 December 2008

**AND UPON** reading the First Affidavit of Frank Bauler sworn on 9 February 2009, the Fourth Affidavit of Mark Woodall sworn on 25 May 2010, the Second Affidavit of Kenneth Krys sworn on 2 June 2010, the Second Affidavit of Timothy Le Cornu sworn on 2 June 2010, the First Affidavit of Shannon McKinnon sworn on 8 June 2010, the First Affidavit of Shaun Laubman sworn on 22 June 2010 and the Controllers' Reports dated 24 June 2009, 21 July 2009, 25 September 2009 and 15 June 2010

**AND UPON** hearing counsel for (i) the Petitioner, (ii) the Cayman Islands Monetary Authority, (iii) Mr. Francois Carrard, Mr. Paolo Combo and Bermuda Trust Company Limited as the Trustees of the Squirrel Trust No. 1, and (iv) Global Edge Insurance Co Limited

**IT IS ORDERED** that:-

(1)    The Company be wound up by the Court under the provisions of the Companies Law.

(2)    Kenneth Krys and Timothy Le Cornu, both of Krys & Associates Cayman Limited of Governors Square, Building 6, 2nd Floor, 23 Lime Tree Bay Ave., PO Box 10663, Grand Cayman KY1-1106, Cayman Islands be appointed as Joint Official Liquidators of the Company with power to act jointly and severally (the **Official Liquidators**).

(3)    The Official Liquidators shall not be required to give security for their appointment.

(4)    In addition to their powers prescribed in Part II of the Third Schedule to the Companies Law which are exercisable without sanction of this Court, the Official Liquidators may also without further sanction or intervention from this Court:

   (a)    exercise the powers set out in Part I of the Third Schedule to the Companies Law; and

   (b)    take any such action as may be necessary or desirable to obtain the recognition of their appointment in any other relevant jurisdictions and to make applications to the courts of such jurisdictions for that purpose,

and for the avoidance of doubt the powers bestowed on the Official Liquidators may be exercised by them within and outside the Cayman Islands.

(5)    The costs of the Petitioner of and incidental to the Petition be paid forthwith by the Official Liquidators from the assets of the Company, to be taxed on the indemnity basis if not agreed.

Dated this 25th day of June 2010
Filed this 28 day of June 2010

The Honourable Mr Justice Jones

Judge of the Financial Services Division of the

Grand Court of the Cayman Islands

This Order was filed by Campbells, Attorneys-at-Law for the Petitioner, whose address for service is that of its Attorneys-at-Law at Fourth Floor, Scotia Centre, George Town, Grand Cayman, Cayman Islands B.W.I. (Ref: JRM/GM/15746)

2

IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

FSD NO. 136/2010 - AJJ

(ORIGINALLY CAUSE NO. 581 OF 2008)

IN THE MATTER OF THE COMPANIES LAW

AND IN THE MATTER OF SEXTANT STRATEGIC GLOBAL WATER FUND
OFFSHORE LTD.

WINDING UP ORDER

UPON the Amended Petition of Barfield Nominees Limited (the **Petitioner**) presented against Sextant Strategic Global Water Fund Offshore Ltd. (the **Company**) on 12 December 2008

AND UPON reading the First Affidavit of Frank Bauler sworn on 9 February 2009, the Fourth Affidavit of Mark Woodall sworn on 25 May 2010, the Second Affidavit of Kenneth Krys sworn on 2 June 2010, the Second Affidavit of Timothy Le Cornu sworn on 2 June 2010, the First Affidavit of Shannon McKinnon sworn on 8 June 2010, the First Affidavit of Shaun Laubman sworn on 22 June 2010 and the Controllers' Reports dated 24 June 2009, 21 July 2009, 25 September 2009 and 15 June 2010

AND UPON hearing counsel for (i) the Petitioner, (ii) the Cayman Islands Monetary Authority, (iii) Mr. Francois Carrard, Mr. Paolo Combo and Bermuda Trust Company Limited as the Trustees of the Squirrel Trust No. 1, and (iv) Global Edge Insurance Co Limited

IT IS ORDERED that:-

(1)    The Company be wound up by the Court under the provisions of the Companies Law.

1

(2) Kenneth Krys and Timothy Le Cornu, both of Krys & Associates Cayman Limited of Governors Square, Building 6, 2nd Floor, 23 Lime Tree Bay Ave., PO Box 10663, Grand Cayman KY1-1106, Cayman Islands be appointed as Joint Official Liquidators of the Company with power to act jointly and severally (the **Official Liquidators**).

(3) The Official Liquidators shall not be required to give security for their appointment.

(4) In addition to their powers prescribed in Part II of the Third Schedule to the Companies Law which are exercisable without sanction of this Court, the Official Liquidators may also without further sanction or intervention from this Court:

    (a) exercise the powers set out in Part I of the Third Schedule to the Companies Law; and

    (b) take any such action as may be necessary or desirable to obtain the recognition of their appointment in any other relevant jurisdictions and to make applications to the courts of such jurisdictions for that purpose,

and for the avoidance of doubt the powers bestowed on the Official Liquidators may be exercised by them within and outside the Cayman Islands.

(5) The costs of the Petitioner of and incidental to the Petition be paid forthwith by the Official Liquidators from the assets of the Company, to be taxed on the indemnity basis if not agreed.

Dated this 25th day of June 2010
Filed this **25** day of June 2010

The Honourable Mr Justice Jones
Judge of the Financial Services Division of the
Grand Court of the Cayman Islands

This Order was filed by Campbells, Attorneys-at-Law for the Petitioner, whose address for service is that of its Attorneys-at-Law at Fourth Floor, Scotia Centre, George Town, Grand Cayman, Cayman Islands B.W.I. (Ref: JRM/GM/15746)

2

Court File No.   CV-10-8925-00CL

IN THE MATTER OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, c. B-3, AS AMENDED

B E T W E E N :

KENNETH M. KRYS AND TIMOTHY LE CORNU, IN THEIR CAPACITY AS JOINT OFFICIAL LIQUIDATORS

Applicants

- and -

SEXTANT STRATEGIC GLOBAL WATER FUND OFFSHORE LTD. AND SEXTANT STRATEGIC HYBRID²HEDGE RESOURCES FUND OFFSHORE LTD.

Respondents

---

*ONTARIO*
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

PROCEEDINGS COMMENCED AT TORONTO

---

ORDER

---

BORDEN LADNER GERVAIS LLP
Barristers and Solicitors
Scotia Plaza, 40 King Street West
Toronto, Ontario
M5H 3Y4

**CRAIG J. HILL**
Tel: (416) 367-6156
Fax: (416) 361-7301
LSUC #31888K

**JAMES SZUMSKI**
Tel: (416) 367-6310
Fax: (416) 682-2811
LSUC #56958S

Lawyers for Kenneth M. Krys and Timothy Le Cornu, in their capacity as Joint Official Liquidators of the Respondents.

::ODMA\PCDOCS\TOR01\4483849\1



Court File No.: CV-10-8925-00CL

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

| | | |
|---|---|---|
| THE HONOURABLE MR. | ) | WEDNESDAY, THE 27th |
| | ) | |
| JUSTICE MORAWETZ | ) | DAY OF OCTOBER, 2010 |
| | ) | |

IN THE MATTER OF THE *BANKRUPTCY AND INSOLVENCY ACT,*
R.S.C. 1985, c. B-3, AS AMENDED

B E T W E E N:

**KENNETH M. KRYS AND TIMOTHY LE CORNU,**
**IN THEIR CAPACITY AS JOINT OFFICIAL LIQUIDATORS**

**Applicants**

- and -

**SEXTANT STRATEGIC GLOBAL WATER FUND OFFSHORE LTD. AND**
**SEXTANT STRATEGIC HYBRID²HEDGE RESOURCES FUND OFFSHORE LTD.**

**Respondents**

**APPLICATION UNDER SECTION 269 AND 272 OF THE** *BANKRUPTCY AND*
*INSOLVENCY ACT,* R.S.C. 1985, c. B-3, AS AMENDED

# ORDER

THIS APPLICATION, made by Kenneth M. Krys and Timothy Le Cornu of Krys &
Associates Cayman Ltd., in their capacity as the foreign representatives (the "**Foreign**
**Representatives**") of Sextant Strategic Global Water Fund Offshore Ltd. and Sextant Strategic
Hybrid²Hedge Resources Fund Offshore Ltd. (the "**Foreign Debtors**" or "**Respondents**") for an

2

Order granting additional relief relating to the recognition of the winding-up proceedings (the "**Foreign Proceedings**") commenced in respect of the Respondents in the Grand Court of the Cayman Islands (the "**Foreign Court**") was heard this day at Toronto, Ontario;

**ON READING** the Notice of Application, the Affidavit of Kenneth M. Krys, sworn September 23, 2010, and the Affidavit of Craig Powles, sworn September 21, 2010; and on hearing the submissions of counsel to the Foreign Representatives, PricewaterhouseCoopers Inc. in its capacity as Court-appointed Receiver and Manager of Sextant Capital Management Inc., Sextant Capital GP Inc. and Sextant Strategic Opportunities Hedge Fund L.P., Newedge Canada Inc. ("**Newedge**") and Sextant Capital Management a Islandi ehf;

**ENTRUSTING THE ASSETS TO THE FOREIGN REPRESENTATIVES**

1.      **THIS COURT ORDERS** that any and all persons with notice of this order shall transfer and deliver up to the Foreign Representatives any and all assets of the Foreign Debtors, wherever situate, including but not limited to the assets and accounts listed in Schedule "A" hereto, to be dealt with and disposed of by the Foreign Representatives in the Foreign Proceedings.

2.      **THIS COURT ORDERS** that Newedge and any other financial institution (the "**Financial Institutions**") with which the Foreign Debtors have accounts:

      (i)      forthwith transfer and deliver up to the Foreign Representatives any and all monies or other assets of the Foreign Debtors held in any account or on credit of the Foreign Debtors, including but not limited to the accounts listed in Schedule "A" hereto; and

      (ii)     forthwith deliver up to the Foreign Representatives copies of any and all records held by the Financial Institutions that may be reasonably requested by the Foreign Representatives concerning the Foreign Debtors' assets and accounts, including the existence, nature, value and location of any monies or assets or credit, wherever situate, held on behalf of the Foreign Debtors by the Financial Institutions.

3

3.    **THIS COURT ORDERS** that paragraphs 1 and 2 apply to all assets of the Foreign Debtors, whether or not they are in their own names. For the purposes of this Order, the Foreign Debtors' assets include any assets which the Foreign Debtors have power, directly or indirectly, to dispose of or deal with as if it were there own. The Foreign Debtors are to be regarded as having such power if a third party holds or controls the assets in accordance with their direct or indirect instructions.

4.    **THIS COURT ORDERS** that Newedge shall be entitled to withhold the sum of $55,000 to apply to any outstanding fees owing to it by either of the Foreign Debtors.

**DISCHARGING THE MAREVA ORDER**

5.    **THIS COURT ORDERS** that the Order of The Honourable Mr. Justice Wilton-Siegel, dated February 4, 2009, in Court File No. 08-CL-7900 be and is hereby discharged.

**AID AND RECOGNITION OF OTHER COURTS**

6.    **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the Cayman Islands, to give effect to this Order and to assist the Foreign Representatives and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Foreign Representatives as may be necessary or desirable to give effect to this Order or to assist the Foreign Representatives and their respective agents in carrying out the terms of this Order

7.    **THIS COURT ORDERS** that the Foreign Representatives be at liberty and are hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order.

**GENERAL PROVISIONS**

8.    **THIS COURT ORDERS** that the Foreign Representatives may apply to this Court for advice and direction in connection with the discharge or variation of their powers and duties under this Order.

4

9.    **THIS COURT ORDERS** that the Foreign Representatives shall publish a notice as required by section 276(b) of the BIA in the Globe and Mail (national edition) for one (1) day in two (2) consecutive weeks without delay following the issuance of this Order.

10.    **THIS COURT ORDERS** that, notwithstanding any other provision of this Order or the Order of The Honourable Justice Morawetz, dated October 27, 2010, recognizing the Foreign Proceedings, any interested person may apply to this Court to vary or rescind this Order or seek other relief upon seven (7) days notice to the Foreign Representatives, and their counsel, and to any other party likely to be affected by the order sought, or upon such other notice, if any, as this Court may order.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

OCT 27 2010

PER / PAR:

### SCHEDULE "A"

### ACCOUNT INFORMATION

| FINANCIAL INSTITUTION | ADDRESS | ACCOUNT NAME | ACCOUNT NO. | BENEFICIARY NAME | BENEFICIARY ACCOUNT NUMBER |
|---|---|---|---|---|---|
| Newedge Canada Inc. | 130 King Street West, Suite 580 PO Box 86 Toronto, Ontario M5V 1B1 | Sextant Strategic Global Water Fund Offshore Ltd. | 198K3326 | | |
| Newedge Canada Inc. | 130 King Street West, Suite 580 PO Box 86 Toronto, Ontario M5V 1B1 | Sextant Strategic Hybrid Hedge Resources Fund Offshore Ltd. | 198K3325 | | |
| Deutsche Bank Trust Company Americas | | Deutsche Bank (Cayman) Limited | 04-415-529 | Sextant Strategic Hybrid Hedge Resources Fund Offshore Ltd. | 02CCU690090 |
| Deutsche Bank International Ltd., Jersey, Channel Islands | | Deutsche Bank (Cayman) Limited | 34JCK220019 | Sextant Strategic Hybrid Hedge Resources Fund Offshore Ltd. | 34CCU690090 |
| Deutsche Bank Trust Company Americas | | Deutsche Bank (Cayman) Limited | 04-415-529 | Sextant Strategic Global Water Fund Offshore Ltd. | 690190 |
| The Bank of Bermuda Limited, Hamilton Bermuda | | Sextant Strategic Global Water Fund Offshore Ltd. | 010-803542-501 | | |
| The Bank of Bermuda Limited | | Sextant Strategic Global Water Fund Offshore Ltd. | 010-803542-511 | | |
| The Bank of Bermuda Limited | | Sextant Strategic Hybrid Hedge Resources Fund Offshore Ltd. | 010-803534-501 | | |
| The Bank of Bermuda Limited | | Sextant Strategic Hybrid Hedge Resources Fund Offshore Ltd. | 010-803534-511 | | |

Court File No.  CV-10-8925-00CL

IN THE MATTER OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, c. B-3, AS AMENDED

B E T W E E N :

KENNETH M. KRYS AND TIMOTHY LE CORNU, IN THEIR CAPACITY AS JOINT OFFICIAL LIQUIDATORS

Applicants

- and -

SEXTANT STRATEGIC GLOBAL WATER FUND OFFSHORE LTD. AND SEXTANT STRATEGIC HYBRID²HEDGE RESOURCES FUND OFFSHORE LTD.

Respondents

---

*ONTARIO*
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

PROCEEDINGS COMMENCED AT TORONTO

---

ORDER

---

**BORDEN LADNER GERVAIS LLP**
Barristers and Solicitors
Scotia Plaza, 40 King Street West
Toronto, Ontario
M5H 3Y4

**CRAIG J. HILL**
Tel:  (416) 367-6156
Fax: (416) 361-7301
LSUC #31888K

**JAMES SZUMSKI**
Tel:  (416) 367-6310
Fax: (416) 682-2811
LSUC #56958S

Lawyers for Kenneth M. Krys and Timothy Le Cornu, in their capacity as Joint Official Liquidators of the Respondents.

::ODMA\PCDOCS\TOR01\4483879\1