

**ORDERED in the Southern District of Florida on January 13, 2011.**

_____
**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

| | |
|---|---|
| SEXTANT STRATEGIC GLOBAL WATER FUND OFFSHORE LTD (IN OFFICIAL LIQUIDATION) | Chapter 15  Case No. 10-44715-AJC |
| Debtor in a Foreign Proceeding. _____/ | |

**ORDER GRANTING RECOGNITION OF FOREIGN
MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF
THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

THIS CAUSE came on for hearing on January 10, 2011, upon the Verified Petition For Recognition of Foreign Main Proceeding Pursuant To §§1515 and 1517 (the "Chapter 15 Petition") (D.E. 2) seeking recognition and related relief pursuant to Chapter 15 of the Bankruptcy Code, of a foreign proceeding (the "Cayman Winding Up Proceeding"), pending in the Grand Court of the Cayman Islands (the "Cayman Court"), filed by Kenneth M. Krys and

Timothy J. Le Cornu as joint official liquidators ("Joint Official Liquidators") of Sextant Strategic Global Water Fund Offshore Ltd. ("Sextant") within the meaning of 11 U.S.C. §1502(6).  The Court (a) finds that due and timely notice of the filing of the Chapter 15 Petition and this hearing was given by the Joint Official Liquidators as directed by this Court and (b) has considered the Chapter 15 Petition, the June 24, 2010, Order by the Cayman Court placing Sextant into liquidation and appointing the Joint Official Liquidators ("Liquidation Order"), the declaration on file, and the entire record in this matter.  Accordingly, the Court makes the following findings of fact and conclusions of law:

     A.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

     B.     Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

     C.     This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

     D.     The Joint Official Liquidators are persons pursuant to 11 U.S.C. § 101(41), each of them qualifies as a "foreign representative" as defined in 11 U.S.C. § 101(24), and are the duly appointed foreign representatives of Sextant.

     E.     The Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504 and 1515.

     F.     The Joint Official Liquidators have met the requirements of 11 U.S.C. § 1515(b), § 1515(c), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

     G.     The Cayman Winding Up Proceeding, and the provisions made thereunder for the protection, administration and distribution of assets is a foreign proceeding pursuant to 11 U.S.C. §§ 101(23) and 1502(4).

H. The Cayman Winding Up Proceeding is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

I. The Cayman Winding Up Proceeding is pending in the country where the center of main interests of Sextant is located and accordingly the Cayman Winding Up Proceeding is a foreign main proceeding pursuant to 11 U.S.C. § 1502(4) entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

J. The Joint Official Liquidators are entitled to all the relief provided under 11 U.S.C. § 1520 without limitation and the effect of this Order shall be as set forth in such section.

K. The Joint Official Liquidators are further entitled to all the relief provided under 11 U.S.C. § 1521 without limitation and such relief is granted by this Order.

L. The relief granted in this Order is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521 and Federal Rule of Bankruptcy Procedure 7065 and will not cause any hardship to the creditors of Sextant or other parties in interest that is not outweighed by the benefits of the relief being granted.

NOW, THEREFORE, IT IS ORDERED and ADJUDGED that:

1. The Cayman Winding Up Proceeding is granted recognition pursuant to 11 U.S.C. § 1517(a).

2. The Cayman Winding Up Proceeding is granted recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

3. The Cayman Winding Up Proceeding, including but not limited to the Liquidation Order, shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities.   The provisions of 11 U.S.C. §1520 shall apply to this case.

4. The Joint Official Liquidators are entrusted with the administration and realization of all or a part of Sextant's assets within the territorial jurisdiction of the United States.

5. All persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities of Sextant located in the United States.

6. All person and entities are stayed from executing against the assets of Sextant located in the United States.

7. All persons and entities are prohibited from transferring, encumbering or otherwise disposing of any assets of Sextant located in the United States.

8. All persons and entities provided notice of the Chapter 15 Petition and the Hearing thereon who are in possession, custody or control of property, or the proceeds thereof, of Sextant located within the territorial jurisdiction of the United States, shall immediately advise the Joint Official Liquidators by written notice sent to the Joint Official Liquidators at the following addresses:

> Kenneth M. Krys
> Timothy J. Le Cornu
> Krys & Associates Cayman Limited
> Governors Square
> Building 6, 2nd Floor
> 23 Lime Tree Bay Ave.
> P.O. Box 10663
> Grand Cayman KY1-1106
> Cayman Islands
>
> with copy to:
>
> Gregory S. Grossman
> Edward H. Davis, Jr.
> Astigarraga Davis Mullins & Grossman, P.A.
> 701 Brickell Avenue, 16th Floor
> Miami, FL 33131

which shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such personal or entity.

9. The Joint Official Liquidators are authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of Sextant without further order of this Court.

10. The Joint Official Liquidators, if permitted by the Cayman Court, are authorized to operate the business that is the subject of the Cayman Winding Up Proceeding and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. §§ 363.

11. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

###

Submitted by and copies furnished to:

Gregory S. Grossman
ASTIGARRAGA DAVIS
MULLINS & GROSSMAN, P.A.
701 Brickell Avenue, 16th Floor
Miami, FL 33131
Tel: (305) 372-8282
Fax: (305) 372-8202
Email: ggrossman@astidavis.com

Gregory S. Grossman is directed to serve a copy of this Order on all parties entitled to service there from and to file a certificate of service immediately thereafter.

F:\WDOX\CLIENTS\40049\7001\00126878.DOC